IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C. DOV SACKS<br><br>        Plaintiff,<br><br>        vs.<br><br>DJA AUTOMOTIVE LLC d/b/a<br>KIA OF WEST CHESTER<br>        Defendant. | CIVIL ACTION<br><br><br><br><br><br>NO.   12-284(TON) |

## O R D E R

AND NOW, this        day of                        , 2012, upon consideration of

Defendant DJA Automotive LLC d/b/a Kia of West Chester's Motion for Summary Judgment,

and Plaintiff's Opposition thereto, it is hereby ORDERED that the Motion is DENIED.


BY THE COURT:


_____
                                                    U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C. DOV SACKS | CIVIL ACTION |
| Plaintiff, | |
| vs. | |
| DJA AUTOMOTIVE LLC d/b/a | |
| KIA OF WEST CHESTER | |
| Defendant. | NO.   12-284(TON) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DJA AUTOMOTIVE LLC d/b/a KIA OF WEST CHESTER'S MOTION FOR SUMMARY JUDGMENT**

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

FLITTER LORENZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

## TABLE OF CONTENT

**PAGE**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTS & PROCEDURAL HISTORY ............................................................... 2

III.  LEGAL ARGUMENT ....................................................................................... 4

   A.   Standard of Review .................................................................................... 4

   B.   Summary Judgment Is, at Best, Premature and Must be Denied ......................................... 5

      1.   The Odometer Statutes ........................................................................ 5

      2.   The Consumer Protection Law ................................................................ 7

      3.   Breach of Express Warranty ................................................................. 8

   C.   Defendant Has Waived Its Alleged Right to Arbitrate .......................................... 8

      1.   Lack of timeliness of the motion to arbitrate ................................................ 10

      2.   The degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims ................................................... 10

      3.   Whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings ........................... 12

      4.   The extent of its non-merits motion practice ................................................. 12

      5.   Defendant's assent to the trial court's pretrial orders ....................................... 13

      6.   The extent to which both parties have engaged in discovery ................................. 13

IV.   CONCLUSION ................................................................................................. 15

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C. DOV SACKS<br><br>          Plaintiff,<br><br>      vs.<br><br>DJA AUTOMOTIVE LLC d/b/a<br>KIA OF WEST CHESTER<br>                  Defendant. | CIVIL ACTION<br><br><br><br><br><br>NO.   12-284(TON) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DJA AUTOMOTIVE LLC d/b/a KIA OF WEST CHESTER'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, C. Dov Sacks, by and through his undersigned counsel, hereby responds in opposition to Defendant's Motion for Summary Judgment and states as follows:[1]

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Denied.   Plaintiff is without sufficient information to admit or deny.   While Exhibit "C" cited by Defendant lists a "production date" of September 4, 2002 and a retail date of February 10, 2005 and a wholesale date of October 28, 2003, warranty start date of February 10, 2005, the documents cited makes no mention of when the vehicle was "first placed in service."  Without an authenticating affidavit or deposition, this "document" lacks context and is not admissible to support summary judgment.

5.      Denied.   Plaintiff is without sufficient information to admit or deny. By way of further response, without an authenticating affidavit or deposition, this "document" lacks context and is not admissible to support summary judgment.

---

[1]      While Sacks, in an abundance of caution, responds paragraph by paragraph, Plaintiff points out that none of these averments are tethered to the record, nor in admissible form. *See* Fed. R. Civ. P. 56(c)(2).

1

6.    Denied.  Plaintiff is without sufficient information to admit or deny.  By way of further response, without an authenticating affidavit or deposition, this "document" lacks context and is not admissible to support summary judgment.

7.    Admitted that Kia of West Chester claims to have purchased the Subject Vehicle at the Manheim Auto Auction on December 5, 2008; the rest is denied.  Plaintiff does not have sufficient information to admit or deny whether "the odometer read 33,600."  By way of further response, the averments are unauthenticated.

8.    Denied.  Defendant's referenced Exhibit "E" is a Certificate of Title dated October 23, 2009 with the actual odometer miles reflected as 63,600.  This is over ten months after Defendant sold the car to Mr. Sacks.

9.    Admitted only that the first page of Exhibit "F" cited by Defendant purports to be a form MV-1, a document which speaks for itself.  The rest is denied.  It is specifically denied that the second page of Defendant's Exhibit "F" is any way related to the MV-1 document.  By way of further response, without an authenticating affidavit or deposition, this "document" lacks context and is not admissible to support summary judgment.

10.    It is denied that a true and correct copy of the contract is attached to Defendant's Motion as Exhibit "G".  It is also denied that the Buyer's Order is attached to the Motion for Summary Judgment as well.  A copy of the Odometer Disclosure Statement is attached to Defendant's Motion, but as Exhibit "B" to Plaintiff's Complaint, which Defendant appends as Exhibit "A" to its Motion.  The remainder of this averment is admitted.

11.    Admitted.

12.    Admitted.

13.     Denied.   The Buyer's Order speaks for itself.   By way of further response, Defendant has waived its right to arbitrate the instant dispute.   Denied that Exhibit "G" is attached to Defendant's moving papers or contains a complete copy of the Buyer's Order.

14.     It is admitted only that the "box" is "checked", and "Plaintiff wrote his own initials next to the clause."   The remainder of this averment is denied.   The Buyer's Order speaks for itself.   By way of further response, Defendant has waived its right to arbitrate the instant dispute.

15.     See response to ¶ 14 above.

16.     Denied that Exhibit "G" is attached to Defendant's moving papers.   By way of further response, Defendant has waived its right to arbitrate the instant dispute.

17.     Denied.   Due to Defendant's discovery obstruction, Plaintiff cannot present facts essential to justify its Opposition.   *See* Certification of Cary L. Flitter, attached hereto as Exhibit "1"; Fed. R. Civ. P. 56(d).   By way of further denial, Defendant sets forth no record facts that there was any "typographical error."

18.     Denied.   There is no authenticated record evidence that any title has been "corrected" or what such a "corrected" title would reflect – the higher mileage or lower mileage. Due to Defendant's discovery obstruction, Plaintiff cannot present facts essential to justify its Opposition.   *See* Certification of Cary L. Flitter, attached hereto as Exhibit "1"; Fed. R. Civ. P. 56(d).

19.     Denied.   There is no authenticated record evidence that any title has been "corrected" or what such a "corrected" title would reflect – the higher mileage or lower mileage. Due to Defendant's discovery obstruction, Plaintiff cannot present facts essential to justify its

Opposition.  *See* Certification of Cary L. Flitter, attached hereto as Exhibit "1"; Fed. R. Civ. P. 56(d).

20.     Admitted that on June 29, 2011, Plaintiff obtained a CarFax report on his vehicle.

21.     Admitted.  By way of further response, an entry dated August 8, 2006 in the June 29, 2011 CarFax, lists the mileage as 59,007.  (*See* Exhibit "1" hereto, Flitter Certification at Exhibit "A" thereto, CarFax dated June 29, 2011).

22.     Denied.  The CarFax printout is a document which speaks for itself.

23.     Denied.  The CarFax printout is a document which speaks for itself.

24.     Denied   The CarFax printout is a document which speaks for itself.  By way of further response, Plaintiff is not claiming breach of warranty against CarFax.

25.     Admitted.

26.     Admitted only that Plaintiff brings these claims against Defendant.  The rest is denied.  By way of further response, Plaintiff's Complaint is based on DJA's false and deceptive representations.

27.     Admitted only that this accurate statement of Rule 12(h)(3).  This rest of this averment is denied in that the Court does not lack subject matter jurisdiction as this case presents a federal question.  By way of further response, Defendant has waived any right to arbitrate the instant dispute.

28.     Denied that Exhibit "G" is attached to Defendant's moving papers.  By way of further response, Defendant has waived its right to arbitrate the instant dispute.

29.     Denied as a conclusion of law to which no response is required.  By way of further response, "a court may refuse to enforce an arbitration agreement where, for example, the alleged defaulting party has acted inconsistently with the right to arbitrate."  *Nino v. Jewelry*

*Exchange, Inc.*, 609 F.3d 191, 210 (3d Cir. 2010).  By participating in in-depth discovery, asking this Court to rule on a Motion for Summary Judgment, and otherwise fully participating in litigation, Defendant has acted inconsistently with the right to arbitrate, and has waived any right to arbitrate here.

30.     Denied.  Plaintiff incorporates his response to Number 29, above.

31.     Denied.  Plaintiff incorporates his response to Number 29, above.

32.     Admitted only that the Buyer's Order in this matter speaks for itself.  The rest is denied.

33.     Admitted only that the Buyer's Order in this matter speaks for itself.  The rest is denied.

34.     Denied as Defendant has waived any right to arbitrate the instant dispute.

35.     Denied.  Defendant has consistently obstructed discovery essential for Plaintiff to prosecute this litigation and its Opposition to Defendant's Motion.  *See* Certification of Cary L. Flitter attached hereto as Exhibit "1"; *see also* Fed. R. Civ. P. 56(d).

36.     Denied.  The CarFax report is evidence that someone in the chain of title adulterated the Subject Vehicle's odometer in this matter.  Defendant has obstructed discovery essential for Plaintiff to justify its position in this litigation and its Opposition to Defendant's Motion.  By way of further response, Plaintiff's claims are premised on false statements.

37.     Denied.  The CarFax report is evidence that someone in the chain of title adulterated the Subject Vehicle's odometer in this matter.  Defendant has obstructed discovery essential for Plaintiff to justify its position in this litigation and its Opposition to Defendant's Motion.  By way of further response, Plaintiff's claims are premised on false statements.

38.     Denied.   The CarFax report is evidence that someone in the chain of title adulterated the Subject Vehicle's odometer in this matter.   Defendant has obstructed discovery essential for Plaintiff to justify its position in this litigation and its Opposition to Defendant's Motion.   By way of further response, Plaintiff's claims are premised on false statements.

39.     Denied as a conclusion of law to which no response is required.   By way of further response, Defendant has obstructed discovery preventing Plaintiff from uncovering facts essential to justify its Opposition.   *See* Certification of Cary L. Flitter attached hereto as Exhibit "1"; *see also* Fed. R. Civ. P. 56(d).

WHEREFORE, Defendant's Motion for Summary Judgment should be denied.

Respectfully submitted:

DATE:  6/4/12                              /s/ *Andrew M. Milz*
                                        CARY L. FLITTER
                                        THEODORE E. LORENZ
                                        ANDREW M. MILZ
                                        Attorneys for Plaintiff

                                        FLITTER LORENZ, P.C.
                                        450 N. Narberth Avenue, Suite 101
                                        Narberth, PA 19072
                                        (610) 822-0782

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C. DOV SACKS<br>                    Plaintiff,<br><br>            vs.<br><br>DJA AUTOMOTIVE LLC d/b/a<br>KIA OF WEST CHESTER<br>                    Defendant. | CIVIL ACTION<br><br><br><br><br><br>NO.   12-284(TON) |

**PLAINTIFF'S MEMORANDUM OF LAW IN**
**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I.  INTRODUCTION

In the midst of key discovery in the case, Defendant DJA Automotive d/b/a Kia of West Chester ("DJA") has moved for summary judgment.  As set forth in Plaintiff's attached Rule 56(d) Certification of Cary L. Flitter, summary judgment here is at best, premature.  At worst, defendant's Motion appears to be only a strategically filed attempt to flesh out Plaintiff's case so Defendant may avoid producing documents and witnesses bearing on this dispute.

Incredibly, DJA – after instantly invoking Rule 56 of the Federal Rules of Civil Procedure seeking this Court's judgment in its favor – Defendant asks the Court *alternatively* to compel arbitration in a non judicial arbitration forum.  In other words, if the Court agrees with DJA, the dealership will be happy with that result; but, if the Court agrees with Plaintiff, DJA wants the case to be dismissed to arbitration, where it can get the proverbial second bite at the apple. This sort of gamesmanship in not tolerated in this District and has been held here and elsewhere to constitute a waiver of the right to arbitrate.  By propounding and responding to discovery, taking Plaintiff's deposition, and filing the instant dispositive motion with this Court, DJA has waived any alleged right to arbitrate.   Defendant's Motion must be denied.

1

## II. **FACTS & PROCEDURAL HISTORY**

Plaintiff C. Dov Sacks filed his Complaint in this consumer protection matter on January 18, 2012. Therein, Mr. Sacks alleges that he purchased a vehicle from the Defendant auto dealer on January 7, 2009, upon the promise that the vehicle had low mileage of "33,609" miles. (*See* Complaint, Doc. 1). At the time of the transaction, Defendant certified that the vehicle had "33,609" miles and "to the best of my knowledge that it reflects the actual mileage of the vehicle described above." Significantly, a checkbox in the Odometer Disclosure by the statement **"WARNING!  ODOMETER DISCREPANCY"** was left blank. (*See* Odometer Disclosure, Exhibit "B" to the Complaint, which is appended hereto as Exhibit "2"). Mr. Sacks was persuaded to purchase this Optima vehicle, 2004 model rather than a 2006 model with higher mileage, in reliance on the representation that the Optima had low mileage of approximately 33,609 miles. (*See* Complaint at ¶15).

Over a year went by before Mr. Sacks was provided with a title on his vehicle. During that time, he could not get the vehicle inspected or registered with Pennsylvania, and drove the car at considerable risk. (*See* Deposition of C. Dov Sacks, dated April 30, 2012, at p. 25-30, Exhibit "3" hereto). Ultimately, Mr. Sacks decided to sell the vehicle and in June of 2011, he purchased a CarFax report on line. *Id.* at 27. At that point, Mr. Sacks learned for the first time that the CarFax reflected instances of "odometer rollback" and that the subject vehicle had a listed mileage of over 59,000 miles as of August 2006 – two years before he purchased the car from DJA. (*Id.*; *see also* Exhibit "1" hereto, Certification of Cary Flitter at Exhibit "A" thereto, CarFax report dated June 29, 2011). The CarFax reflected that Mr. Sacks' Optima vehicle had significantly more mileage than 33,609 at the time he purchased it, despite Defendant's representations that the vehicle had "low mileage." In his Complaint, Mr. Sacks brings claims

for false statements and misrepresentations under the Federal Odometer Act, 49 U.S.C. § 32705(a); Pennsylvania's Odometer Statute, 75 Pa. C.S. § 7134, Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S. § 201-9.2; and a claim for breach of express warranty under Pennsylvania's Uniform Commercial Code.

Defendant answered and Plaintiff promptly served his Interrogatories, Request for Production of Documents and Notice of Deposition under F. R. Civ. P. 30(b)(6) upon the Defendant on March 14, 2012. (*See* Exhibit "1", Flitter Certification at ¶ 10). At that time, the deposition of Defendant's corporate witness was scheduled for April 30, 2012, at Plaintiff's offices. On April 20, 2012, Plaintiff served a Subpoena on the car's manufacturer, Kia Motors America, as well as a Subpoena upon CarFax, Inc. (A copy of the CarFax Subpoena is attached hereto as Exhibit "4"). Complete production and depositions from these witnesses are presently pending. (*See* Exhibit "1", Flitter Certification at ¶ 9).

Defendant filed its Answers to Plaintiff's Interrogatories on May 18, 2012, a month late. For its part, Defendant on March 29, 2012, served a Notice of Deposition of Plaintiff for April 30, 2012. On April 10, 2012, Defendant served Plaintiff with its Interrogatories to Plaintiff, and Request for Production of Documents Directed to Plaintiff. On May 25, 2012, Plaintiff filed his Responses to Defendant's Interrogatories.

On April 30, 2012, Defendant took the deposition of C. Dov Sacks. (*See* Exhibit "3" hereto, excerpts from Sacks' deposition). That same day, Plaintiff took the deposition of Defendant's 30(b)(6) designee, Dondra Discala, who identified herself as the Defendant's "bookkeeper." (*See* Exhibit "1" hereto, Flitter Certification at ¶ 14). Ms. Discala was unknowledgeable and unable to testify on several key areas in the case. (*Id.*) Defense counsel promised to produce responsive documents as well as another witness who would be able to

adequately respond to the 30(b)(6) notice. (*Id.* at ¶ 15). To date, that witness has not been produced nor has Defendant produced additional documents responsive to Plaintiff's discovery requests or identified in the Discala deposition. (*See id.* at ¶ 16, and Exhibit "D" thereto).

On May 16, 2012, Defendant filed its Motion for Summary Judgment (Doc. 9) asking this Court to dismiss Plaintiff's Complaint in its entirety or, in the alternative, compel the case to arbitration. For the reasons set forth herein, Defendant's Motion should be denied.

### III. LEGAL ARGUMENT

#### A.   Standard of Review

When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Moreover, a court may not consider the credibility or weight of the evidence in deciding a motion for summary judgment, even if the quantity of the moving party's evidence far outweighs that of its opponent. *Id.*

The Court may deny summary judgment if the motion is premature. *Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986). Because a plaintiff should not be "'railroaded' by a premature motion for summary judgment," the United States Supreme Court has held that a district court must apply Federal Rule of Civil Procedure Rule 56(d) if the opposing party has not made full discovery. *Celotex*, 477 U.S. at 326; *Doe v. Abington Friends School*, 480 F.3d 252, 256 (3d Cir. 2007). Rule 56(d) (formerly Rule 56(f)) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Thus, the district court is empowered with discretion to decide whether the movant's motion is ripe and thus determine whether to delay action on a motion for summary judgment. *Doe*, 480 F.3d at 256.

**B.**   **Summary Judgment Is, at Best, Premature and Must be Denied**

While it does not mention any of Plaintiff's four counts in the Complaint by name, DJA seeks dismissal of "plaintiff's complaint in its entirety." (Def.'s Motion for SJ at Wherefore clause, Doc. 9). Defendant's motion is vague and unsupported by any record or authority, and is at best, premature. Plaintiff requires additional discovery into facts essential to his claims and to respond to Defendant's motion. Fed. R. Civ. P. 56(d). A brief look at Plaintiff's claims and the outstanding discovery required dictates that Defendant's motion for summary judgment must be denied.

**1. The Odometer Statutes**

Defendant moves for summary judgment arguing that the "entire complaint rests solely upon Plaintiff's allegations that Kia of West Chester tampered with the odometer in the subject vehicle." (Def. Br. in Supp. of Motion for SJ at p. 6 of 9). Defendant totally misconstrues the complaint as one for *tampering*, when the claims are clearly based on actionable <u>false statements</u>. Under both Counts I and II, Sacks avers "Defendant DJA Automotive LLC d/b/a Kia of West Chester violated the Federal Odometer Act by making false statements in an odometer disclosure to a transferee," and did so "with intent to defraud as to mileage." (See Compl. at ¶ 40-41, 43-44). In particular, DJA's certified on the Odometer Statement that the car had "33,609" miles, "to the best of my knowledge that it reflects the actual mileage of the vehicle described above." The check box for "WARNING! ODOMETER DISCREPANCY", was left blank. (See Compl. at ¶¶ 19-20).

The evidence uncovered to date reflects that the subject vehicle had 59,007 miles on it as of August 2006, per a CarFax report obtained by Plaintiff in June 2011. (See Ex. "1" hereto, Flitter Certification at Exhibit "A" thereto). Taken in the light most favorable to Plaintiff, the representations on the Odometer Statement made by DJA related to the vehicle having "actual mileage" of only 33,609 miles were false.[2]   DJA in its motion, levies the  bald conclusion that PennDOT made a "clear typographical error."   But this is unsupported by record evidence, no more than a hopeful assumption by Defendant.   (See Def.'s MSJ at ¶ 17).   The "warranty history" and other documents upon which Defendant relies are similarly unsupported and not authenticated in the record. (*See Id.* at  ¶ 6).    *See* Fed. R. Civ. P. 56(c)(2) (summary judgment must be supported by admissible evidence).   At best Defendant's evidence, even if admissible, highlights a fact dispute about the actual mileage of the vehicle which cannot be resolved at summary judgment.

DJA is still liable for its false statement in failing to check the box for "ODOMETER DISCREPANCY" if it had conflicting evidence of what the mileage on the car in fact was.  The provisions of the Odometer Act do not require actual knowledge that the odometer reading is wrong. *See Commw. v. Colonial Motor Sales, Inc.*, 420 N.W. 2d 20, 25 (Mass. Ct. App. 1981); *Nieto v. Pence*, 578 F.2d 640, 642 (5th Cir. 1978).  If DJA had conflicting information as to the car's mileage – *i.e.*, in the form of a discrepant CarFax report, or mechanic's service investigation – it had a duty to disclose that mileage was uncertain. *Id.*  Discovery is in progress on these facts. (*See* Exhibit "1" hereto, Flitter Certification, at ¶ 14-18 and Exhibit "B" thereto).

Intent to defraud can "be inferred from a sale in reckless disregard of the odometer's accuracy."  *Heffler v. Joe Bell's Auto Serv.*, 946 F. Supp. 348, 352 (E.D. Pa. 1996).  An auto

---

[2]      Plaintiff will authenticate the CarFax reports on the vehicle in the upcoming deposition pursuant to the Subpoena served upon CarFax. (*See* Flitter Certification at ¶ 9).

dealer has expertise, and "an affirmative duty to mark 'true mileage unknown' if, in the exercise of reasonable care, he would have reason to know that the mileage was more than that which the odometer had recorded or which the previous owner had certified." *Id.* (following *Nieto*). Whether DJA had intent to defraud is subject to discovery into, *inter alia*, DJA's pre-sale inspection records of the subject vehicle, and whether DJA had obtained a CarFax or other mileage report that differed from the reading on the odometer prior to selling the vehicle to Plaintiff. Defendant has been avoiding the deposition of its principal, and discovery responses from DJA on these questions are still outstanding. (See Rule 56(d) certification at ¶12-16). Without further discovery, there is an irresolvable fact dispute at this point about (1) whether representations on the odometer disclosure were false, and (2) whether the falsities were made with intent to defraud. Summary judgment must be denied.

## 2. The Consumer Protection Law

Plaintiff has also brought claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S. § 201-2(4)(v) (representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have), (vii) (representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another); (xxi) (engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding). The regulations of the Attorney General also require full disclosure, and are enforceable through the Consumer Protection Law. 37 Pa. Code § 303. Plaintiff alleges he justifiably relied on Defendant's misrepresentations and omissions, which directly caused him damage.

Defendant fails to articulate just why the Consumer Protection Act claim should be dismissed. To wit, there is no dispute that DJA represented that the subject vehicle had "low

mileage" of "33,609" in its advertisement for the car, (See Compl. at Ex. "A" thereto), and that

Sacks relied on this in choosing to purchase this Optima over a later model 2006 vehicle. (*Id.* at ¶

15). There is also no dispute that DJA omitted, or did not disclose that there was a discrepant

odometer history from this vehicle reflected by CarFax. Discovery is outstanding as to whether

DJA had the discrepant CarFax reports prior to selling Sacks the car (*See* Exhibit 1, Rule 56(d)

Certification). The undisclosed negative history has caused Sacks harm, for instance, in his

current inability to sell the subject vehicle. Defendant cannot be granted summary judgment on

this (as yet incomplete) record.

### 3. Breach of Express Warranty

Sacks also asserts that DJA created an express warranty that the car had "low mileage"

of only 33,609 miles. Sacks alleges this warranty was breached because the car's actual mileage

was over 59,000 miles. Of course, the breach of warranty claim turns on what the actual mileage

of the vehicle is – a fact dispute at this juncture, as discussed above in Section B. 1. Summary

judgment must be denied. Defendant has glossed over the fact that it took them over a year to

even get clear title because of mileage issues, lying to Plaintiff about the reasons he was sold a

car that could not even be registered with PennDot. (Sacks depo. p. 24-30, Exhibit "3").

### C. <u>Defendant Has Waived Its Alleged Right to Arbitrate</u>

Incredible as it sounds, DJA instantly has taken discovery and now seeks summary

judgment under the FRCP – while concurrently asserting that if it is wrong about summary

judgment, DJA would prefer arbitration. (Def.'s br. at 7-8).

"[A] court may refuse to enforce an arbitration agreement where, for example, the alleged

defaulting party has acted inconsistently with the right to arbitrate." *Nino v. Jewelry Exchange,*

*Inc.*, 609 F.3d 191, 210 (3d Cir. 2010). "[W]here a party fails to demand arbitration during

pretrial proceedings, and, in the meantime, engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing … arbitration may more easily show that its position has been compromised, i.e., prejudiced." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 926 (3d Cir. 1992). Prejudice can mean "substantive prejudice to the legal position of the party claiming waiver, but also extends to prejudice resulting from unnecessary delay and expense incurred by the plaintiffs as a result of the defendants' belated invocation of their right to arbitrate." *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 224 (3d Cir. 2007).

In the leading *Hoxworth* decision, the Court of Appeals found waiver where the moving party, *inter alia*, waited eleven months after the complaint was filed to move for arbitration, filed a motion to dismiss, took the plaintiffs' depositions which would not have been available in arbitration, submitted inadequate discovery responses which the other party opposed, and consented to the court's pretrial order. *Id.* at 925-26. The Third Circuit articulated a list of factors weighing on the consideration of prejudice and waiver:

> [1] the timeliness or lack thereof of a motion to arbitrate; [2] the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; [3] whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; [4] the extent of its non-merits motion practice; [5] its assent to the [trial] court's pretrial orders; and [6] the extent to which both parties have engaged in discovery.

*Hoxworth*, 980 F.2d at 926-27; *Nino*, 609 F.3d at 209 (reiterating and following *Hoxworth* standard). The *Hoxworth* list of factors is "nonexclusive." *Ehleiter*, 482 F.3d 222. Under the *Hoxworth* factors, Defendant's active participation in this lawsuit worked a waiver of its right to arbitrate, as set forth below:

### 1.   Lack of timeliness of the motion to arbitrate

Prejudice may be substantive or procedural, and "a party may be prejudiced by the unnecessary delay or expense that results when an opponent delays invocation of its contractual right to arbitrate." *Ehleiter*, 482 F.3d at 225.   Defendant's motion filed mid-discovery on May 16, 2012 comes some 4 months after the filing of the Complaint on January 18, 2012.   Although "the length of the time period involved alone is not determinative," the 4 months here, dwarfs the delay in those Third Circuit cases where no waiver was found. *Nino,* 609 F.3d at 210 (collecting cases where delay was from 38 days to 2 months).   This passage of time, paired with DJA's participation in litigation, motion for summary judgment, prejudice to Plaintiff and other factors discussed below, is sufficient here.

Further, in reviewing the arbitration motion's timeliness, the Third Circuit has instructed that courts "should consider the movant's explanation for its delay". *Id.*   DJA offers no explanation.   In fact, DJA does not <u>want</u> arbitration – unless the court should deny Defendant summary judgment instantly.   DJA has proffered <u>no</u> affidavit, <u>no</u> deposition testimony nor any other evidence explaining why it waited so long to raise arbitration – and even now raises it only as a back-up plan.   DJA was content to use the court to obtain discovery to gain details of Plaintiff's case, including Plaintiff's deposition, and to ask the court for summary judgment. This first *Hoxworth* factor militates for waiver.

### 2.   The degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims

Courts here have consistently held that moving to compel arbitration after filing a motion for summary judgment or otherwise seeking to have a court decide the merits of the dispute constitutes prejudice because, otherwise, a party would be allowed two bites at the apple. *See Hoxworth*, 980 F.2d at 926 (filing of motion to dismiss one of the events contributing to

prejudice); *St. Paul Mercury Ins. Co. v. Perry*, 227 F. Supp. 2d 430, 436 (E.D. Pa. 2002) (defendant "would receive an unfair advantage if plaintiff were forced to arbitrate his claims after having been forced to reveal his entire case" defending summary judgment); *Morales v. Superior Living Products, LLC*, 2009 WL 3234434 (E.D. Pa. Sept. 30, 2009) (waiver when defendants filed two motions to dismiss on the merits, even though no discovery was taken).

Here, DJA has asked this court for the harshest relief, to "dismiss plaintiff's complaint in its entirety" for alleged failure to produce evidence sufficient to overcome summary judgment. (See Def.'s Motion for SJ at ¶ 35-39, and Wherefore clause). DJA is asking the Court to resolve the parties' entire dispute in its favor under the machinery of Rule 56. However, *alternatively* if the Court finds in Plaintiff's favor on Summary Judgment, Defendant then – but only then – wants out, preferring arbitration. As stated by one Court of Appeals, this defendant "want[s] to play heads I win, tails you lose," which is the "worst possible reason" for failing to move for arbitration sooner than it did. *Hooper v. Advance Am.*, 589 F.3d 917, 922 (8th Cir. 2009). The court in *In re Mirant Corp.*, 613 F.3d 584 (5th Cir. 2010) in a similar scenario found waiver where the defendant sought dismissal of the complaint with prejudice and *alternatively* moved to compel arbitration. In denying arbitration, the Court of Appeals observed that defendant was "attempt[ing] to game the system by seeking a decision on the merits while keeping the arbitration option as a backup plan in case the effort fails." *Id.* at 590.

DJA has litigated on the merits and taken discovery. DJA has sought dismissal of Plaintiff's case, forcing Mr. Sacks to defend his case on the merits, explain why summary judgment is inappropriate, and to refute defendant's baseless arguments for dismissal. DJA's motion for summary judgment is the epitome of acting "inconsistently with the right to arbitrate"

and is prejudicial in the extreme by its very nature.  This *Hoxworth* factor strongly favors waiver, and is itself enough to work a waiver here.

> **3. Whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings**

Defendant DJA raised arbitration as one of four affirmative defenses in its Answer, filed February 29, 2012, but DJA then chose to answer and propound written discovery, notice and take Mr. Sacks's deposition, provide a corporate witness to be deposed, and otherwise litigated this case on the merits for nearly three months after Answering without moving to compel, only to do so here, in the *alternative*.  (*See* Exhibit "1", Flitter Certification at ¶ 10-15, detailing discovery to date). There is no explanation in this record for DJA's delay other than the choice to litigate and the purposeful desire to see how the litigation process would proceed before it decided to move to arbitrate.  This factor favors waiver.

> **4. The extent of its non-merits motion practice**

There has been no non-merits motion practice to date.  However, as set forth above and in Plaintiff's Rule 56(d) certification, Defendant's failure to produce an appropriate 30(b)(6) corporate designee will apparently necessitate Plaintiff filing a motion to compel.  The motion to compel will also seek documents identified in the Discala deposition as being responsive to Plaintiff's discovery requests to date, but have yet to be turned over by Defendant. (*See* Exhibit "1", Flitter Certification at ¶ 16 and Exhibit "D" thereto). At this point, since there has been no discovery motion practice at the time of filing this motion, this *Hoxworth* factor weighs neutral. By the time the Court takes this motion for summary judgment under advisement, however, it will likely augur for waiver.

### 5. Defendant's assent to the trial court's pretrial orders

There have been no express pretrial orders in this case as it is on the compulsory arbitration track. However, to date Defendant has proceeded in a manner consistent only with litigation in this Court.

### 6. The extent to which both parties have engaged in discovery

Plaintiff has engaged in extensive discovery; laboring under the assumption that this matter would proceed to trial in front of this Court. Discovery in this case has been diligently pursued by Plaintiff from the outset. On or around March 14, 2012, Plaintiff served his Interrogatories and Document Requests on Defendant. At that point Plaintiff also scheduled the deposition of Defendant's 30(b)(6) witness for April 30. (Exhibit 1, Flitter Certification at ¶ 11). On April 30, plaintiff deposed Dondra Discala, and intends to depose Jim Sipala, upon promise from Defendant. (*Id.* at ¶ 14-16). Additionally, Plaintiff has subpoenaed CarFax and Kia Motors America, the subject vehicle's manufacturer. (*See* copies of Subpoenas, attached as Exhibit "4" hereto). Both entities have produced some documents in response to the subpoenas, and further documents and depositions will be forthcoming. (*See* Exhibit "1", Flitter Certification at ¶ 9).

Defendant has participated heavily in discovery: it has responded (incompletely) to Plaintiff's written discovery, filing its answers to Plaintiff's Interrogatories and Document Requests well beyond the thirty day limit without extension. Defendant has noticed and taken the deposition of Plaintiff, Mr. Sacks, a tactical tool it would not necessarily have had in arbitration. (*See* Exhibit "3" hereto, excerpts of Sacks Deposition). DJA has defended its own witness's deposition; it has promised repeatedly the deposition of a witness competent to discuss the 30(b)(6) areas of testimony and has promised supplemental documentation that bears on this case. (*See* Exhibit "1", Flitter Certification at ¶ 14-16, and Exhibit "B" thereto)   All this is

further evidence of waiver and conduct inconsistent with the intent to arbitrate.  *Hoxworth*, *supra*.

 In its belated motion, DJA has offered neither a reason for engaging in litigation to this point and allowing expensive discovery to proceed, nor an explanation of why it delayed so long in moving for arbitration.  It is well established that "A party's approach to discovery … will differ based upon whether the case is to be litigated or arbitrated."  *Nino*, 609 F.3d at 211.  This last *Hoxworth* factor, and the prejudice in time and effort that accompanies it, supports Plaintiff's claim that DJA has waived the alleged right to arbitrate.

 In sum, the important *Hoxworth* factors #2 (contesting the merits) and #6 (extent of discovery) strongly militate for waiver.  The other factors are either neutral or weigh slightly for waiver.  None weigh against.  Defendant has repeatedly (even instantly) invoked the FRCP to gain advantage.  DJA has acted inconsistently with its alleged right to arbitrate and its motion to compel arbitration *in the alternative* should be denied.  *See St. Paul* at 436; *Hooper* at 922.

IV. **CONCLUSION**

Defendant's motion for summary judgment is premature and should be denied. Moreover, Defendant's practices, including moving for summary judgment instantly, are contrary to the intent to arbitrate, prejudicial to Plaintiff, and thus DJA has waived any right to arbitrate.

Respectfully submitted:

DATE:  6/4/12

/s/Andrew M. Milz
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

FLITTER LORENZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(610) 822-0782

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C. DOV SACKS<br><br>                    Plaintiff,<br><br>         vs.<br><br>DJA AUTOMOTIVE LLC d/b/a<br>KIA OF WEST CHESTER<br>                    Defendant. | CIVIL ACTION<br><br><br><br><br><br><br>NO.   12-284(TON) |

## **CERTIFICATE OF SERVICE**

I, ANDREW M. MILZ, do hereby certify that a copy of the foregoing Plaintiff's

Opposition to Defendant DJA Automotive LLC d/b/a/ Kia of West Chester's Motion for

Summary Judgment was served upon the below listed counsel by electronic filing:

Lindsay D. Liebman, Esquire
RAWLE & HENDERSON, LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
**Attorney for Defendant**

Date:  6/4/12                                    */s/ Andrew M. Milz*
                                                  ANDREW M. MILZ