**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| C. DOV SACKS, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 2:12-cv-00284-TON |
| v. | : | |
| | : | |
| DJA AUTOMOTIVE LLC | : | |
| d/b/a KIA OF WEST CHESTER, | : | |
| Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 2012, upon consideration of Defendant DJA Automotive d/b/a Kia of West Chester's Motion to Quash, it is hereby ORDERED and DECREED that plaintiff's subpoena to Carfax is QUASHED.


_____
**The Honorable Thomas N. O'Neill, Jr., U.S.D.J**

5578620-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| C. DOV SACKS, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 2:12-cv-00284-TON |
| v. | : | |
| | : | |
| DJA AUTOMOTIVE LLC | : | |
| d/b/a KIA OF WEST CHESTER, | : | |
| Defendant. | : | |

### DEFENDANT DJA AUTOMOTIVE LLC d/b/a KIA OF WEST CHESTER'S
### MOTION TO QUASH SUBPOENA

Defendant, DJA Automotive LLC d/b/a Kia of West Chester hereby moves to quash the subpoena directed to Carfax, Inc., and in support thereof, avers as follows:

1.     Plaintiff filed this arbitration-level matter in the United States District Court for the Eastern District of Pennsylvania on January 18, 2012.

2.     After securing an extension of time to answer plaintiff's complaint, defendant DJA Automotive d/b/a Kia of West Chester filed an answer with affirmative defenses on February 29, 2012.

3.     This Honorable Court scheduled arbitration for June 28, 2012.

4.     Per the *Eastern District Local Rules of Civil Procedure* Rule 53.2(4) discovery ends 90 days after the filing of the defendant's answer.

5.     Here defendant's answer was filed on February 29, 2012 and thus discovery ended on May 28, 2012.

6.     At no time has plaintiff moved to extend the discovery deadline.

7.      Plaintiff's complaint alleges defendant DJA Automotive d/b/a Kia of West Chester made certain misrepresentations on an odometer disclosure statement to plaintiff regarding a 2004 Kia Optima EX V6 prior to selling the vehicle to him in January 2009.

8.       Plaintiff has no evidence of an odometer rollback or misrepresentation aside from an unreliable, unauthenticated, and inadmissible "Carfax" report generated two years after the sale of the vehicle.

9.      Defendant has produced overwhelming evidence that not only was there no "roll back" but that defendant had reliable admissible evidence upon which to base the odometer disclosure statement.

10.      On May 16, 2012 defendant moved for summary judgment, arguing, *inter alia*, that the Carfax report is unauthenticated and otherwise inadmissible hearsay within hearsay.

11.      On June 13, 2012 (two weeks after the May 28, 2012 discovery deadline), and in an effort to survive summary judgment, plaintiff served a subpoena to Carfax, Inc for both a deposition and document production.   *See* Exhibit "A."

12.      The subpoena compels the Carfax representative to appear in Washington, DC on June 20, 2012.  *See* Exhibit "A."

13.      On June 13, 2012 defendant received an electronic mail from counsel for plaintiff with an attachment that purports to be the Rule 45 subpoena to a Carfax representative.  *See* Exhibits "A," and "B."

14.      Under F.R.C.P. 45(a)(2)(A) and (B) a subpoena for attendance at a deposition or for production of documents must be issued from the court for the district where the deposition, production or inspection is to be made.

15.     Plaintiff's Rule 45 Subpoena commands the Carfax representative to appear in Washington D.C. for a deposition and document production.

16.     The Carfax Subpoena was issued by the Eastern District of Pennsylvania.

17.     Because the deposition is taking place in Washington D.C., <u>the subpoena must be issued by the United States District Court for the District of Columbia</u>.

18.     Because the subpoena is not issued by the proper court, the subpoena is defective on its face and must be quashed.

19.     Under F.R.C.P. 45(b)(1), before issuing a subpoena commanding the production of documents, "before it is served, a notice must be served on each party."

20.     Plaintiff served the Carfax subpoena on Wednesday, June 13, 2012, via electronic mail, for a deposition seven days later without prior notice and thus, the Carfax Subpoena is defective and must be quashed.

21.     Under F.R.C.P. 45(c)(3)(A)(i) the issuing court must quash or modify a subpoena that fails to allow a reasonable time to comply.

22.     Plaintiff contacted the undersigned on June 13, 2012 and informed the undersigned that he would be issuing the Carfax Subpoena for either June 20, 21, or the 22nd.

23.     That same day defendant received the Carfax Supoena for June 20, 2012 via electronic mail.

24.     Defendant was provided seven days notice of the deposition, which if enforced, would  require defendant to travel from Philadelphia, Pennsylvania to Washington D.C.

25.     Seven days is not reasonable and therefore, the Carfax Subpoena must be quashed.

26.     Per the *Eastern District Local Rules of Civil Procedure* Rule 53.2(4) discovery ended on <u>May 28, 2012</u>.

27.     Plaintiff is entitled to no additional discovery after that date.

28.     Plaintiff never identified the Carfax representative in his discovery responses or initial disclosures.

29.      Plaintiff never requested this Honorable Court allow additional time for discovery.

30.     On June 13, 2012, two weeks after the close of discovery and just two weeks prior to arbitration, plaintiff has issued the subject Carfax Subpoena.

31.     The Carfax Subpoena was not served in a timely manner under the Federal Rules of Civil Procedure.

32.     Because plaintiff issued the defective Carfax Subpoena after the applicable discovery deadline the Carfax Subpoena must be quashed.

33.     Given that moving defendant has already filed its motion for summary judgment revealing all defenses to plaintiff, and has already served its Rule 53.2(5)(E) arbitration exhibits upon plaintiff, this last-minute deposition and gathering of information in anticipation of arbitration is highly prejudicial to defendant.

34.     On June 15, 2012 the undersigned had a discussion with counsel for plaintiff, Andy Milz, Esquire both informing counsel that the undersigned would be filing the instant motion to quash, and also, the undersigned attempted to resolve this discovery dispute.

35.     The parties could not resolve this discovery dispute.

WHEREFORE,  defendant DJA Automotive LLC d/b/a Kia of West Chester respectfully

requests this Honorable Court quash the Carfax Subpoena.

Respectfully Submitted,

**RAWLE & HENDERSON** LLP

BY:_____
          John H. McCarthy, Esquire
          Lindsay D. Liebman, Esquire)
          The Widener Building
          One South Penn Square
          Philadelphia,  PA 19107
          (215) 575-4405
          jmccarthy@rawle.com
          lliebman@rawle.com
          *Attorneys for Defendant,*
          *DJA Automotive LLC*
          *d/b/a Kia of West Chester*

5578620-1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

C. DOV SACKS, : CIVIL ACTION
        Plaintiff :
         : NO. 2:12-cv-00284-TON
        v. :
         :
DJA AUTOMOTIVE LLC :
d/b/a KIA OF WEST CHESTER, :
        Defendant. :

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DJA AUTOMOTIVE LLC d/b/a KIA OF WEST CHESTER'S MOTION TO QUASH SUBPOENA TO CARFAX, INC.

RAWLE & HENDERSON LLP

BY:_____
      John H. McCarthy, Esquire
      Lindsay D. Liebman, Esquire)
      The Widener Building
      One South Penn Square
      Philadelphia, PA 19107
      (215) 575-4405
      jmccarthy@rawle.com
      lliebman@rawle.com
      *Attorneys for Defendant,*
      *DJA Automotive LLC*
      *d/b/a Kia of West Chester*

## I.     PROCEDURAL HISTORY

Plaintiff filed this arbitration-level matter in the United States District Court for the Eastern District of Pennsylvania on January 18, 2012.  After securing an extension of time to answer plaintiff's complaint, defendant DJA Automotive d/b/a Kia of West Chester filed an answer with affirmative defenses on February 29, 2012.   This Honorable Court scheduled arbitration for June 28, 2012.

Plaintiff's complaint alleges defendant DJA Automotive d/b/a Kia of West Chester made certain misrepresentations on an odometer disclosure statement to plaintiff regarding a 2004 Kia Optima EX V6 prior to selling the vehicle to him in January 2009.   Plaintiff has no evidence of an odometer rollback or misrepresentation aside from an unreliable, unauthenticated, and inadmissible "Carfax" report generated two years after the sale of the vehicle.  Defendant has produced overwhelming evidence that not only was there no "roll back" but that defendant had reliable admissible evidence upon which to base the odometer disclosure statement.

On May 16, 2012 defendant moved for summary judgment, arguing, *inter alia*, that the Carfax report is unauthenticated and otherwise inadmissible hearsay within hearsay.

In an effort to survive summary judgment, plaintiff has apparently issued a subpoena to Carfax, Inc.   Moving defendant received an electronic mail from counsel for plaintiff with an attachment that purports to be a Rule 45 subpoena to a Carfax representative.  *See* Exhibits "A," and "B."

## II.   ARGUMENT

### A.   THE CARFAX SUBPOENA IS DEFECTIVE ON ITS FACE

#### 1.   The Carfax Subpoena was not issued by the proper court

Under F.R.C.P. 45(a)(2)(A) and (B) a subpoena for attendance at a deposition or for production of documents must be issued from the court for the district where the deposition, production or inspection is to be made. Plaintiff's Rule 45 Subpoena commands the Carfax representative to appear in Washington D.C. for a deposition and document production.  The subpoena, however, was issued by the Eastern District of Pennsylvania.   Because the deposition is taking place in Washington D.C., the subpoena must be issued by the United States District Court for the District of Columbia.  Because the subpoena is not issued by the proper court, the subpoena is defective on its face and must be quashed.

#### 2.   Plaintiff failed to provide notice of the Carfax Subpoena

Under F.R.C.P. 45(b)(1), before issuing a subpoena commanding the production of documents, "before it is served, a notice must be served on each party."  Plaintiff served the Carfax subpoena via email on Wednesday, June 13, 2012 for a deposition seven days later, via electronic mail, without prior notice.  For this reason, the Carfax Subpoena is defective and must be quashed.

#### 3.   Plaintiff's failed to provide a reasonable time to comply with the Carfax Subpoena

Under F.R.C.P. 45(c)(3)(A)(i) the issuing court must quash or modify a subpoena that fails to allow a reasonable time to comply.  Plaintiff contacted the undersigned on June 13, 2012 and informed the undersigned that he would be issuing the Carfax Subpoena for either June 20, 21, or the 22nd.   That same day defendant received the Carfax Supoena via electronic mail. Thus, defendant was provided seven days notice of the deposition, which

will require travel from Philadelphia, Pennsylvania to Washington D.C.   Seven days is not reasonable and therefore, the Carfax Subpoena must be quashed.

**B.**        **DISCOVERY IS CLOSED**

Per the *Eastern District Local Rules of Civil Procedure* Rule 53.2(4) discovery ends 90 days after the filing of the defendant's answer.  Here defendant's answer was filed on February 29, 2012 and thus discovery ended on May 28, 2012.  Plaintiff is entitled to no additional discovery after that date.   Plaintiff never identified the Carfax representative in his discovery responses or initial disclosures.  Plaintiff never requested additional time for discovery.   Then two weeks after the close of discovery and just two weeks prior to arbitration, plaintiff has issued the subject Carfax Subpoena.   In sum the Carfax Subpoena was not filed timely.

Because plaintiff issued the defective Carfax Subpoena after the applicable discovery deadline the Carfax Subpoena must be quashed.

III.     **CONCLUSION**

In light of the foregoing, defendant DJA Automotive LLC d/b/a Kia of West Chester respectfully requests this Honorable Court quash the Carfax Subpoena.

**RAWLE & HENDERSON LLP**

BY:_____
        John H. McCarthy, Esquire
        Lindsay D. Liebman, Esquire)
        The Widener Building
        One South Penn Square
        Philadelphia,  PA 19107
        (215) 575-4405
        jmccarthy@rawle.com
        lliebman@rawle.com
        *Attorneys for Defendant,*
        *DJA Automotive LLC*
        *d/b/a Kia of West Chester*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Quash Subpoena was served upon the below listed counsel by electronic filing and first class mail, postage prepaid:

Andrew M. Milz, Esquire
Cary L. Flitter, Esquire
**Lundy Flitter Beldecos & Berger, P.C.**
450 North Narberth Avenue
Narberth, PA 19072-1898
*Attorneys for Plaintiff*

RAWLE & HENDERSON LLP

By: _____
        Lindsay D. Liebman

Dated:  June 18, 2012

5578620-1