# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C. DOV SACKS <br>             Plaintiff, <br><br> vs. <br><br> DJA AUTOMOTIVE LLC d/b/a <br> KIA OF WEST CHESTER <br>             Defendant. | CIVIL ACTION <br><br><br><br><br><br> NO.   12-284(TON) |

## AMENDED SUBPOENA AD TESTIFICUNDEM
## AND DUCES TECUM TO CARFAX, INC.

TO:    Vince Luckey
        CarFax, Inc.
        c/o Beth E. Edmonson, Esquire
        5860 Trinity Parkway
        Suite 600
        Centreville, VA 20120

Pursuant to F.R.Civ.P. 45, you are directed to appear for deposition and to produce documents in your custody, control or possession at the time and place below stated in connection with the within matter.

**Deposition Time, Date and Place** – You are directed to appear on Wednesday, June 20, 2012, at 11:00 a.m. at the offices of O'Toole, Rothwell, Nassau and Steinbach, 1350 Connecticut Avenue NW, Suite 200, Washington, DC 20036 (telephone: 202-775-1550) for deposition and to produce the following documents in your custody, control or possession.

"Subject Vehicle" means a 2004 Kia Optima with the Vehicle Identification Number KNAGD128145274373.

1.      Any and all documents in your possession or control reflecting the dates and times of when a CarFax report on the Subject Vehicle was ordered, purchased or otherwise accessed.

2.      Any and all documents reflecting the identity of any person or entity who accessed a CarFax report on the Subject Vehicle.

3.      Any agreements you have with DJA Automotive, d/b/a Kia of West Chester related to the use of CarFax reports from 2008 to the present.

4.      Any and all information retained about the Subject Vehicle in CarFax's data base.

5.      The date on which each such item of information was added to the data base.

6.      The source for each such item of information (to the extent these sources do not reveal trade secrets or constitute proprietary information).

7.      The sources used by CarFax from 2004 to the present for collecting information pertaining to vehicle mileage.

8.      Replicas of the CarFax reports on the subject vehicle accessed on December 9, 2008 and January 7, 2009.

9.      Communications between CarFax and Defendant DJA Automotive, LLC, d/b/a Kia of West Chester concerning this lawsuit or the Subject Vehicle.

10.     The relationship, if any, between CarFax and Defendant DJA Automotive, LLC d/b/a Kia of West Chester.

11.     The number of CarFax reports requested by DJA Automotive, LLC d/b/a Kia of West Chester in the years 2009 and 2010.

12.     All documents produced by CarFax in this lawsuit.

13.     CarFax's system for collecting and retaining in its system the documents that it has produced in this lawsuit.

(a)     Protection of Persons Subject to Subpoenas.

(1)      A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty and appropriate sanctions, which may include, but it not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d)(2) of this rule, a personal commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspection and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance;

(ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected mater and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(b)    Duties in Responding to Subpoena

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim.

Date: _6/13/12_

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff and the Class

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0782

cc:    Lindsay D. Liebman, Esquire